## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO
## CIVIL ACTION NO. 4:06-CV-P48-M

**PAUL DUCRET**                                                                                         **PLAINTIFF**

**v.**

**HENDERSON COUNTY DETENTION CENTER**                                        **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff filed this civil rights action under 42 U.S.C. § 1983. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court must dismiss this action as moot.

### I.

At the time Plaintiff filed his complaint, he was being held in the Henderson County Detention Center. Plaintiff alleges that he is positive for the Hepatitis-C virus and that he qualifies for treatment under state regulations. Nevertheless, Plaintiff complains that the Henderson County Detention Center violated his constitutional rights by failing to provide him with any treatment for his Hepatitis-C, despite the fact that recent blood tests confirmed that his liver enzymes are several times over the qualifying level. Plaintiff seeks injunctive relief in the form of either an order requiring the Henderson County Detention Center to provide him with treatment, or, in the alternative, an order directing that he be transferred to the Kentucky State Reformatory in LaGrange, Kentucky. Subsequent to the filing of his complaint, Plaintiff was transferred to the Kentucky State Reformatory (DN 5).

### II.

"To qualify as a case fit for federal-court adjudication, an actual controversy must be

extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1977) (internal quotations omitted). A case that has become moot does not present a case or controversy. *See id.* "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Int'l Bhd., Local Union No. S-251 v. Thyssenkrupp Elevator Mfg.*, 365 F.3d 523, 527 (6th Cir. 2004). Here, it is clear that Plaintiff would derive no benefit from granting the requested relief. Plaintiff is no longer being held at the Henderson County Detention Center, so an order requiring that facility to provide Plaintiff with treatment would do him no good. Likewise, he has already been transferred to the Kentucky State Reformatory in LaGrange, Kentucky, so an order requiring his transfer to that institution would have no effect. Thus, Plaintiff's claims against the Henderson County Detention Center have become moot and must be dismissed accordingly. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that to the extent that an inmate seeks injunctive relief his claims become moot when he is no longer confined to the institution that allegedly violated his constitutional rights).

      The Court will enter an order consistent with this memorandum opinion.

Date:

cc:    Plaintiff, *pro se*
        Henderson County Attorney

4414.008